Mrs. Edna G.
**SCAMMERHORN, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD OF the UNITED STATES of America, Respondent.**

No. 84–4366
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1984.

Edna G. Scammerhorn, pro se.

General Counsel, Railroad Retirement Board, Steven A. Bartholow, Rachel M. Lopez, Chicago, Ill., for respondent.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

We review a decision of the Railroad Retirement Board denying Edna Scammerhorn a widow's annuity. 45 U.S.C. § 231g. Finding that consideration of the claim is barred, we deny the petition for review and affirm the Board.

### Facts

Edna Scammerhorn is the widow of a railroad employee who was an insured under the Railroad Retirement Act of 1937 at the time of his death.[1] She directed numerous inquiries to the Railroad Retirement Board between 1954 and 1966 regarding benefits due her by reason of her husband's death. The Board responded each time with a letter describing her entitlements under the Act. Portions of a letter from Robert H. LaMotte, Director of Re-

tirement Claims, to Mrs. Scammerhorn, on November 3, 1954 typically advised:

> [Y]ou may choose to receive either (1) a residual payment of $307.29 and, beginning at age 65, a monthly benefit of $30.00 under the Social Security Act (based on present provisions of that Act), or (2) beginning at age 60, a monthly widow's insurance annuity of $69.30 under the Railroad Retirement Act (based on present provisions of that Act).

> \* \* \* \* \* \*

> Should you elect to receive the residual payment, you will be giving up ... a monthly benefit of $69.30 between the ages of 60 and 65 and $39.30 a month after you attain age 65. Based on your current life expectancy tables, you would draw benefits for 221 months; therefore, you would be giving up a total of $8,127.30.

> \* \* \* \* \* \*

> If you decide to give up your right to receive a monthly annuity at age 60, you must sign an election form which will be sent to you upon request. Once signed and filed with the Board, this election cannot be revoked or changed in any way. It is important, therefore, that you consider this matter carefully before making a final decision. You may file an election form with the Board at any time before you reach age 60.

In subsequent letters, Mrs. Scammerhorn was notified that by accepting the residual payment she would be foregoing an annuity worth at least $11,190.90, based on then current life expectancy tables. Despite this clear notice and advice, on August 17, 1966, with the assistance of counsel, Mrs. Scammerhorn elected to accept a residual payment of $301.83.

Eleven years passed. On August 3, 1977, Mrs. Scammerhorn submitted an application to the Board for widow's insurance annuity. The application was denied

---

1. 45 U.S.C. §§ 228a, *et seq.,* superseded by the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231 *et seq.*

by the Board because of the 1966 acceptance of the residual payment with the concomitant waiver of future monthly payments. The letter notifying Mrs. Scammerhorn of the Board's decision of August 22, 1977, notified her that if she had additional evidence, or otherwise disagreed with the decision, she had a right of appeal to the Office of Hearings and Appeal. The letter cautioned that any appeal had to be submitted within one year.[2] No appeal was taken.

Five more years passed. On August 19, 1982, Mrs. Scammerhorn once again applied for a widow's insurance annuity. This application was denied. Mrs. Scammerhorn requested reconsideration and, on March 1, 1983, the Director of Retirement Claims reviewed the file and denied the application. This time Mrs. Scammerhorn filed a timely appeal. The appeals referee found that the August 22, 1977 decision had become administratively final and binding as of August 22, 1978. The 1982 application was, therefore, barred, and the appeal was dismissed on the grounds of administrative res judicata. The Board affirmed the decision of the appeals referee, precipitating the instant petition to this court.

### Analysis

In August 1977 the Board concluded that Mrs. Scammerhorn had waived her rights to a widow's annuity when she accepted the residual payment in 1966. She was notified of her right to challenge that decision and cautioned about the one-year limitation and the forfeiture of further review absent a timely appeal. That decision may not now be challenged directly, nor may it be indirectly challenged by the filing of a new application for benefits. The provisions of the statute and regulations are clear. The letters to Mrs. Scammerhorn were precise and pointed. The record reflects that Mrs. Scammerhorn made a knowing decision, albeit what now develops to have been a grossly impractical one.[3] The clear wording and intent of the law must be served, however bitter in a given instance. Whether one speaks of res judicata or collateral estoppel, it is certain that Mrs. Scammerhorn may not resurrect an appeal of the 1977 decision. *A. Duda & Sons Cooperative Association v. United States*, 495 F.2d 193 (5th Cir.1974).

The petition for review is DENIED and the decision by the Board is AFFIRMED.

---

**2.** The Railroad Retirement Board regulations in effect at that time stated, in pertinent part:
(b) * * * such appeal must be filed with the Bureau of Hearings and Appeals within one year from the date upon which notice of the initial decision is mailed to the claimant at the address furnished by him.
(c) The right to further review of an initial decision of the Bureau of Retirement Claims shall be forfeited unless formal appeal is filed in the manner and within the time prescribed in this part.
20 C.F.R. § 260.2(b), (c) (1977).

**3.** The evidence in the record conclusively demonstrates that Mrs. Scammerhorn knowingly and voluntarily elected to take the lump-sum payment in lieu of her insurance annuity. She claimed in her 1977 application to have not understood the Board's letters regarding her entitlements. She also noted that she is not an attorney, but she was represented by an attorney in 1966 when she elected to accept the lump-sum payment. And in her first letter to the Board she stated "I understand that by asking for and accepting the residual payment it would be necessary for me to waive my rights to further monthly benefits upon attainment of age 65, based on my late husband's death." The statute provides that the election is irrevocable. 45 U.S.C. § 231e(c)(1). Consequently, the 1977 decision would likely have been affirmed. "[W]e affirm the Board if its finding of fact is supported by substantial evidence and its decision is not based on an error of law." *Kurka v. United States R.R. Retirement Bd.*, 615 F.2d 246, 249–50 (5th Cir.1980).